UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 3:19-640 |
| | ) | 18 U.S.C. § 661 |
| | ) | 18 U.S.C. § 1341 |
| v. | ) | 18 U.S.C. § 981(a)(1)(C) |
| | ) | 28 U.S.C. § 2461(c) |
| | ) | |
| **JOHN SAMMONS** | ) | **INDICTMENT** |

THE GRAND JURY CHARGES:

1. As President of a local chapter of the American Federation of Government Employees ("AFGE"), the defendant, JOHN SAMMONS, abused his position to enrich himself at AFGE and its members' expense. As President, the defendant, **JOHN SAMMONS**, took trips around the country for union-related business, paid for those trips with local union funds, and later sought personal reimbursement for those same expenses from the national union. The defendant, JOHN SAMMONS, never reimbursed the local union with the money he received from the national union.

### BACKGROUND

2. The AFGE is one of the largest federal employee labor organizations in the United States, with over 300,000 dues-paying members and nearly 700,000 represented members. Employees of any agency of the United States government are eligible for membership.

3. Local 1872 is a chapter of the AFGE headquartered at Shaw Air Force Base in Sumter, South Carolina. Shaw Air Force Base is within the special territorial jurisdiction of the United States. Local 1872 includes approximately 150 to 200 members who work

for the United States Department of Defense at Shaw Air Force Base and Fort Jackson Army Base in Columbia, South Carolina.

4. The defendant, **JOHN SAMMONS**, worked at Shaw Air Force Base and served as President of Local 1872 from approximately 2000 through 2016. In addition to his duties with Local 1872, the defendant, **JOHN SAMMONS**, also participated in various conferences and events with the AFGE national organization, and served as Vice President for an AFGE national committee known as the Defense Conference ("DEFCON"). The defendant, **JOHN SAMMONS'**, participation in DEFCON required frequent national travel, which was available for reimbursement by the AFGE national organization.

## SCHEME AND ARTIFICE

5. From a time unknown, but at least in or around 2013 and continuing to in or around December 2016, in the District of South Carolina, the defendant, **JOHN SAMMONS**, knowingly devised and intended to devise a scheme and artifice to defraud, and to obtain money and property from AFGE and its members by means of materially false and fraudulent pretenses, representations, and promises. It was part of the scheme that:

a. As President of AFGE's Local 1872 the defendant, **JOHN SAMMONS**, was a signatory to the chapter's general treasury checking account with the Wells Fargo Bank branch at 530 Exchange St. Shaw AFB, SC 29152, within the territorial jurisdiction of the United States.

b. The defendant, **JOHN SAMMONS**, possessed and used a debit card for the AFGE's bank account.

2

c. To pay for his travel expenses to AFGE and DEFCON national conferences and events, the defendant, **JOHN SAMMONS**, used Local 1872's funds, by way of the chapter's debit card, checks, and cash.

d. Upon completion of these trips the defendant, **JOHN SAMMONS**, submitted his travel receipts for reimbursement to the AFGE national organization. The defendant, **JOHN SAMMONS**, requested that the AFGE national reimbursement checks be made in his name and returned to his home address, rather than the Local 1872 address.

e. The defendant, **JOHN SAMMONS**, deposited the AFGE national reimbursement checks in his personal checking account with SAFE Federal Credit Union branch at 522 Exchange St. Shaw AFB, SC 29152, within the territorial jurisdiction of the United States. The defendant, **JOHN SAMMONS**, never reimbursed Local 1872 with the money he received from the national union.

## COUNTS 1-5

6. On or about the dates listed below, in the District of South Carolina, the defendant, **JOHN SAMMONS**, having devised and intending to devise the above-described scheme and artifice to defraud, and to obtain money and property by means of false and fraudulent pretenses, representations, and promises, for the purpose of executing such scheme and artifice and attempting to do so, did knowingly cause to be delivered by Postal Service and private and commercial interstate carrier according to the address on the item, any matter or thing whatever, to wit: the following checks to the defendant, **JOHN SAMMONS**, from the AFGE national organization:

3

| Count No. | Amount of Payment | Date of Mailing |
|---|---|---|
| 1 | $1,034.78 | September 9, 2014 |
| 2 | $777.33 | March 2, 2015 |
| 3 | $796.25 | August 5, 2015 |
| 4 | $745.57 | September 1, 2015 |
| 5 | $1,079.85 | October 6, 2016 |

All in violation of Title 18, United States Code, Section 1341.

## COUNT 6

THE GRAND JURY FURTHER CHARGES:

7. Paragraphs 1-5 are incorporated herein by reference.

8. Beginning in 2013 and continuing thereafter, in the District of South Carolina, the defendant, **JOHN SAMMONS**, took and carried away the personal property of another person valued in excess of $1,000, with the intent to steal and purloin, within the special maritime and territorial jurisdiction of the United States;

All in violation of Title 18, United States Code, Section 661.

## FORFEITURE

A. **MAIL FRAUD AND THEFT**

    1.    Upon conviction for violations of Title 18, United States Code, Sections 661 and 1341 as charged in this Indictment, the defendant, **JOHN SAMMONS,** shall forfeit to the United States any property, real or personal, constituting, derived from or traceable to proceeds the defendant obtained directly or indirectly as a result of such offenses, including, but not limited to the following:

B.    The property subject to forfeiture includes, but is not limited to, the following:

    1.    **CASH PROCEEDS/MONEY JUDGMENT:**

        a.    A sum of money equal to all proceeds the Defendant obtained directly or indirectly from the offenses charged in the Indictment, that is, a minimum of approximately $14,897.19 in United States currency, and all interest and proceeds traceable thereto;

C.    **SUBSTITUTE ASSETS:**

    1.    If any of the property described above as being subject to forfeiture, as a result of any act or omission of the Defendant –

        (a)    cannot be located upon the exercise of due diligence;
        (b)    has been transferred or sold to, or deposited with, a third person;
        (c)    has been placed beyond the jurisdiction of the Court;
        (d)    has been substantially diminished in value; or
        (e)    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Sections 982(b)(1), [incorporating Title 21, United States Code, Section 853(p)], to seek forfeiture of any other property of the said Defendant up to the value of the above forfeitable property.

Pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

A _____True_____ BILL

_____
             FOREPERSON

_____
SHERRI A. LYDON (BBA)
UNITED STATES ATTORNEY

7